# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JAMES EDWARD POOLE, Defendant. | No. CR13-3003-MWB<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO ALLOW DEFENDANT TO ATTEND FUNERAL** |

On January 30, 2014, defendant James Edward Poole was sentenced to a total of 126 months incarceration after pleading guilty to charges of conspiracy to distribute 500 grams or more of a substance or mixture containing methamphetamine which contained 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He is currently incarcerated at FCI Sandstone, Minnesota.

This case is before me on defendant Poole's Motion To Allow Defendant To Attend Wife's Funeral (Docket no. 187). In his motion, defendant Poole requests his temporary release from incarceration in order to attend his wife's funeral in Ames, Iowa, on November 2, 2014. Defendant Poole indicates that the prosecution resists his motion.

Congress has committed the decision to grant a furlough to a federal prisoner to the discretion of the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3622.[1]

---

[1] Section 3622 provides that:

(continued…)

[1](…continued)

 The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to--

  (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of--

   (1) visiting a relative who is dying;
   (2) attending a funeral of a relative;
   (3) obtaining medical treatment not otherwise available;
   (4) contacting a prospective employer;
   (5) establishing or reestablishing family or community ties; or
   (6) engaging in any other significant activity consistent with the public interest;

  (b) participate in a training or educational program in the community while continuing in official detention at the prison facility; or

  (c) work at paid employment in the community while continuing in official detention at the penal or correctional facility if--

   (1) the rates of pay and other conditions of employment will not be less than those paid or

(continued…)

Thus, only the BOP has authority to grant defendant Poole the relief he seeks with his motion. *See United States v. Premachandra*, 78 F.3d 589, 589 (8th Cir. 1996) (holding that § 3622 vests authority to grant furloughs with the BOP, "not the federal courts."). Therefore, defendant Poole's Motion To Allow Defendant To Attend Wife's Funeral is denied.

**IT IS SO ORDERED.**

**DATED** this 23rd day of October, 2014.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[1](…continued)
provided for work of a similar nature in the community; and
(2) the prisoner agrees to pay to the Bureau such costs incident to official detention as the Bureau finds appropriate and reasonable under all the circumstances, such costs to be collected by the Bureau and deposited in the Treasury to the credit of the appropriation available for such costs at the time such collections are made.

18 U.S.C. § 3622.